# Case Docket Entries

CC-06-2025-C-267

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Court: | **Circuit** | County: | **06 - Cabell** | Created Date: | **6/19/2025** | Security Level: | **Public** |
| Judge: | **Paul Farrell** | Case Type: | **Civil** | Case Sub-Type: | **Tort** | Status: | **Open** |

Related Cases:

Style: **Shirley Conley v. SCHINDLER ELEVATOR CORPORATION**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 6/19/2025 1:09:31 PM | E-Filed | | Complaint |
| | 1-1 6/19/2025 | Civil Case Information Statement | | |
| | 1-2 6/19/2025 | Complaint - Complaint | | |
| | 1-3 6/19/2025 | Transmittal | | |
| | 1-4 6/19/2025 | Summons | | |
| 2 | 6/19/2025 1:09:31 PM | Judge Assigned | J-06002 | Paul Farrell |
| 3 | 6/19/2025 1:09:31 PM | Party Added | P-001 | Shirley Conley |
| 4 | 6/19/2025 1:09:31 PM | Party Added | D-001 | SCHINDLER ELEVATOR CORPORATION |
| 5 | 6/19/2025 1:09:31 PM | Party Added | D-002 | PENNEY OPCO LLC |
| 6 | 6/19/2025 1:09:31 PM | Attorney Listed | P-001 | A-10497 - Wesley Harrison White |
| 7 | 6/19/2025 1:09:31 PM | Service Requested | D-001 | Circuit Clerk - Certified Mail - Including Copy Fee |
| 8 | 6/19/2025 1:09:31 PM | Service Requested | D-002 | Circuit Clerk - Certified Mail - Including Copy Fee |
| 9 | 6/23/2025 9:03:41 AM | E-Docketed | | Supporting Documents - Certified mail receipts X 2 |
| | 9-1 6/23/2025 | Supporting Document - Certified mail receipts X 2 | | |
| | 9-2 6/23/2025 | Transmittal | | |
| 10 | 6/24/2025 12:19:39 PM | E-Filed | | Order - Case - INITIAL ORDER |
| | 10-1 6/24/2025 | Order - INITIAL ORDER | | |
| | 10-2 6/24/2025 | Transmittal | | |
| 11 | 6/30/2025 10:05:36 AM | E-Docketed | | Service Return - SERVED signature illegible OBO Schindler Elevator Corporation CT Corporation System 6-26-25 |
| | 11-1 6/30/2025 | Service Return - SERVED signature illegible OBO Schindler Elevator Corporation CT Corporation System 6-26-25 | | |
| | 11-2 6/30/2025 | Transmittal | | |
| 12 | 6/30/2025 10:07:03 AM | E-Docketed | | Supporting Documents - SERVED signature illegible OBO Penney OPCO LLC, CT Corporation System 6-26-25 |
| | 12-1 6/30/2025 | Supporting Document - SERVED signature illegible OBO Penney OPCO LLC, CT Corporation System 6-26-25 | | |
| | 12-2 6/30/2025 | Transmittal | | |

**Exhibit A**

West Virginia E-Filing Notice

CC-06-2025-C-267

Judge: Paul Farrell

**To:** SCHINDLER ELEVATOR CORPORATION
C T CORPORATION SYSTEM
5098 WASHINGTON ST W STE 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
Shirley Conley v. SCHINDLER ELEVATOR CORPORATION
CC-06-2025-C-267

The following complaintwas FILED on 6/19/2025 1:09:26 PM

Notice Date: 6/19/2025 1:09:26 PM

Michael J. Woelfel
CLERK OF THE CIRCUIT COURT
Cabell County
750 5th Avenue, Suite 114
HUNTINGTON, WV 25701

(304) 526-8622

# SUMMONS

E-FILED | 6/19/2025 1:09 PM
CC-06-2025-C-267
Cabell County Circuit Clerk
Michael J. Woelfel

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
**Shirley Conley v. SCHINDLER ELEVATOR CORPORATION**

Service Type: Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO: SCHINDLER ELEVATOR CORPORATION, C T CORPORATION SYSTEM, 5098 WASHINGTON ST W STE 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Wesley White, 222 CAPITOL ST STE 400, , CHARLESTON, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/19/2025 1:09:26 PM | /s/ Michael J. Woelfel |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| ______________________ | ______________________ |
|---|---|
| Date | Server's Signature |

E-FILED | 6/19/2025 1:09 PM
CC-06-2025-C-267
Cabell County Circuit Clerk
Michael J. Woelfel

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**SHIRLEY CONLEY,**

**Plaintiff,**

**v.**

**Civil Action No.: 25-C- ________**
**Hon. Judge ________________**

**SCHINDLER ELEVATOR CORPORATION, and PENNEY OPCO LLC, d/b/a JCPENNEY,**

**Defendant.**

## COMPLAINT

Plaintiff Shirley Conley, by and through undersigned counsel and the law firm of Morgan & Morgan, for her Complaint against Defendants Schindler Elevator Corporation, and Penney OPCO LLC, d/b/a JCPenney, and alleges, avers, and complains as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant herein, Plaintiff Shirley Conley, ("Plaintiff"), is a citizen and resident of Huntington, Cabell County, West Virginia 25704 and was injured in Cabell County, West Virginia.

2. Upon information and belief Defendant Schindler Elevator Corporation[1], ("Defendant Schindler"), is, and was at all times relevant herein, a foreign for-profit corporation with its principal office address at 20 Whippany Road, Morristown, New Jersey 07960 and was doing business in Cabell County, West Virginia by having an elevator within the JCPenney retail store located in the Huntington Mall at 500 Mall Road &, I-64, Barboursville, WV 25504, and has

[1] In corresponding with Defendant Schindler before filing suit, they identified themselves as Schindler Enterprises, but Schindler Enterprises is not listed on the WV Secretary of State's website. Plaintiff has reason to believe Schindler Elevator Corporation is the correct entity.

its Notice of Process address listed on the West Virginia Secretary of State's website as CT Corporation System, 5098 Washington St W Ste 407, Charleston, WV 25313.

3. Upon information and belief Defendant Penney OPCO LLC, d/b/a JCPenney, ("Defendant JCPenney"), is, and was at all times relevant herein, a foreign for-profit corporation with its principal office address at 6501 Legacy Drive, Suite B100, Plano, TX, 75024, and was doing business in Cabell County, WV under its tradename JCPenney, as a retail store located in the Huntington Mall at 500 Mall Road &, I-64, Barboursville, WV 25504, and has its Notice of Process address listed on the West Virginia Secretary of State's website as CT Corporation System, 5098 Washington St W Ste 407, Charleston, WV 25313.

4. The amount in controversy herein exceeds the minimum jurisdictional requirements of this court.

5. The incident at issue herein was caused solely by the negligence of the Defendant and the claim at issue herein arises out of statutory and common law principles of West Virginia law.

6. Jurisdiction is proper in the Circuit Court of Cabell County, West Virginia pursuant to W. Va. Code §51-2-2, and all applicable West Virginia law and the acts and conduct giving rise to this complaint occurred in this county.

7. Venue for this action properly lies in Cabell County pursuant to W. Va. Code §56-1-1.

8. In light of the foregoing, venue and jurisdiction are both proper in this Court.

## FACTUAL ALLEGATIONS

9. On or around January 29, 2025, Plaintiff visited Defendant's JCPenney's retail store located in the Huntington Mall at 500 Mall Road &, I-64, Barboursville, WV 25504.

10. The JCPenney's retail store was two floors and has an elevator owned and controlled by Defendant Schindler that allows retail customers and visitors to travel from the first floor to the second.

11. Plaintiff was shopping for woman's apparel and asked a store employee where an item was located, and Plaintiff was informed to use the elevator to travel to the second floor to get to the item.

12. Plaintiff got on the elevator and began to ascend to the second floor.

13. Before Plaintiff could reach the top of the elevator something from the bottom of the elevator was sticking out from the rubber on the elevator and struck her foot causing her foot to forcefully spin around.

14. As a result of having her foot forcefully spin around, Plaintiff lost her balance at a rapid rate and fell backwards all the way down the elevator.

15. As a result of falling all the way down the elevator Plaintiff suffered catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face.

16. As a result of injuring her back Plaintiff was taken to the hospital by ambulance and eventually had an MRI that revealed severe damage to her neck and spine.

17. As a result of having severe damage to her spine, Plaintiff was required to have cervical spine surgery and is still recovering by completing physical therapy.

**COUNT I – NEGLIGENCE**

18. Plaintiff realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.

19. Plaintiff was conducting herself in a reasonable and prudent manner at the time of this incident and did not cause or contribute to the incident that caused his injuries in any way.

20. Defendants had a duty of care to keep a safe and secure environment for its guests and visitors and at the time of the subject incident; Defendants knew or should have known of the latent dangerous condition of having dangerous items sticking out from the rubber on the elevator which directly and proximately caused Plaintiff's injuries; or through the exercise of reasonable diligence could have easily prevented said incident and should have known of such condition presented a risk of serious injury to the Plaintiff and Defendant chose to take no action to abate or give warning of such condition or otherwise protect Plaintiff from the condition.

21. Defendants negligently breached duties of care owed to Plaintiff by failing to properly maintain and inspect its subject premises; by failing to identify and abate the subject latent dangerous condition; and by otherwise failing to properly protect Plaintiff from the latent dangerous condition by properly inspecting the elevator for foreign objects that created a hidden danger on its elevator, or giving notice and warning of such conditions.

22. As a direct and proximate result of the above-listed breaches of the duties of care, Defendants caused Plaintiff to suffer personal injuries, including but not limited to suffering catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face, requiring cervical spine surgery to repair damaged vertebrae and other related damages listed below for which he seeks recovery herein.

23. As a direct and proximate result of suffering catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face, requiring cervical spine surgery to repair damaged vertebrae, Plaintiff has suffered physical and emotional trauma and past and future medical damages.

## DAMAGES

24. Plaintiff realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.

25. Plaintiff sustained physical and emotional injuries as a direct and proximate result of the incident that is the subject of this civil action, including but not limited to suffering catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face, requiring cervical spine surgery to repair damaged vertebrae.

26. Plaintiff has endured and can be expected to endure physical and emotional pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, annoyance and inconvenience and other damages as a direct and proximate result of the Defendants' negligence which caused the incident due to breaching its duty of care to keep a safe and secure environment for guests of its restaurant due to having wet and slick floors in its entryway.

27. Plaintiff had to undergo medical treatment as a result of the subject incident, and medical expenses were incurred relative to same, and she is likely to require medical treatment in the future for injuries suffered as a direct and proximate result of thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory damages in an amount to be determined by the trier of fact, including but not limited to reasonable and necessary medical expenses; future medical care; economic costs directly and proximately caused by the subject foreign object on the elevator; past, present and future physical and emotional pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, annoyance and inconvenience; as well as other special and general damages resulting from the Defendants'

negligence, as well as pre- and post-judgment interest, attorney's fees and costs for bringing forth this action, and for any and all further relief that this Honorable Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**SHIRLEY CONLEY,**
**By Counsel**

*/s/Wesley H White*
Wesley H. White, Esq. (WVSB #10497)
MORGAN & MORGAN
222 Capitol Street, Suite 400
Charleston, West Virginia 25301
Telephone: 681-341-6473
Facsimile: 681-341-6497
wesley.white@forthepeople.com

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/27/2025
CT Log Number 549472794

## Service of Process Transmittal Summary

**TO:** Thomas Sparno, General Counsel
Schindler Elevator Corporation
20 Whippany Rd
Morristown, NJ 07960-4524

**RE:** **Process Served in West Virginia**

**FOR:** Schindler Elevator Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SHIRLEY CONLEY // To: Schindler Elevator Corporation |
| **CASE #:** | CC062025C267 |
| **NATURE OF ACTION:** | Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Charleston, WV |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 06/27/2025 |
| **JURISDICTION SERVED:** | West Virginia |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Yohanny Nguyen yohanny.nguyen@us.schindler.com<br>Email Notification, Suhana Ahmed suhana.ahmed@schindler.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>5098 Washington St. W. Ste. 407<br>Charleston, WV 25313<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Traceable Mail on 06/26/2025 | Thomas Sparno, General Counsel Schindler Elevator Corporation | 549463253 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

MICHAEL J. WOELFEL
Cabell County Circuit Clerk
Post Office Box 545
Huntington, West Virginia 25710-0545

6TH JUDICIAL CIRCUIT ★ WEST VIRGINIA ★

PITTSBURGH PA 150
25 JUN 2025 PM 3

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 25701 $ 000.69⁰
02 7W
0008035675 JUN. 24. 2025

25313-156107

West Virginia E-Filing Notice

CC-06-2025-C-267

Judge: Paul Farrell

**To:** SCHINDLER ELEVATOR CORPORATION
C T CORPORATION SYSTEM
5098 WASHINGTON ST W STE 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
Shirley Conley v. SCHINDLER ELEVATOR CORPORATION
CC-06-2025-C-267

The following order - case was FILED on 6/24/2025 12:19:34 PM

Notice Date: 6/24/2025 12:19:34 PM

Michael J. Woelfel
CLERK OF THE CIRCUIT COURT
Cabell County
750 5th Avenue, Suite 114
HUNTINGTON, WV 25701

(304) 526-8622

/s/ Alfred E. Ferguson
Circuit Court Judge
Ref. Code: 253T8VS0X

E-FILED | 6/24/2025 12:19 PM
CC-06-2025-C-267
Cabell County Circuit Clerk
Michael J. Woelfel

**In the Circuit Court of Cabell County, West Virginia**

**Shirley Conley,**
Plaintiff,

v.

Case No. CC-06-2025-C-267
Judge Paul Farrell

**SCHINDLER ELEVATOR CORPORATION,**
**PENNEY OPCO LLC,**
Defendants

## INITIAL ORDER

Pursuant to the West Virginia Rules of Civil Procedure and the West Virginia Trial Court Rules, which place an affirmative duty upon trial courts to ensure the prompt, fair, and cost-effective resolution of civil matters, this Court hereby **ORDERS** that, within seventy-four (74) days of effective service of process having been achieved as to any defendant named in this action, the following shall be filed by one or more parties to this action:

(1) a written report outlining the parties' proposed discovery plan under Rule 26(f) of the West Virginia Rules of Civil Procedure, provided that, if included in the report, any deadline for completing discovery, completing mediation, and filing pre-trial memoranda, along with dates for a pre-trial conference and trial will be binding upon the parties and the Court only if they are set during a scheduling conference with the Court;

(2) a written request that the Court conduct a scheduling conference, with such written request containing the names and email addresses of all counsel of record and any unrepresented litigants; or

(3) a motion setting forth good cause as to why the Court should not issue a scheduling order within the time provided in Rule 16(b)(3) of the West Virginia Rules of Civil

Procedure, provided that no such motion shall be required if, within the seventy-four-day period described above, one of the following motions is filed: a motion for default judgment, a motion to dismiss, or a motion for judgment on the pleadings.

It is further **ORDERED** that the plaintiff(s) shall timely provide a copy of this Order to any defendant upon whom it has served process.

The Clerk is directed to provide a copy of this Order to counsel for the plaintiff(s) or to plaintiff(s) directly if unrepresented by counsel.

**/s/ Alfred E. Ferguson**
Circuit Court Judge
6th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.