IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHIRLEY CONLEY,

                Plaintiff,

v.                                                    CIVIL ACTION NO. 3:25-0464

SCHINDLER ELEVATOR CORPORATION and
PENNEY OPCO, LLC d/b/a JCPENNEY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Shirley Conley's Motion to Remand. ECF No. 4. Plaintiff asserts Defendants have failed to meet the burden to prove the amount in controversy exceeds $75,000 as required for subject matter jurisdiction under 28 U.S.C. § 1332(a). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Remand.

## I. BACKGROUND

Plaintiff filed suit against Defendants Schindler Elevator Corporation and Penney OPCO, LLC d/b/a JC Penney in the Circuit Court of Cabell County on June 19, 2025. *Notice of Removal*, ECF No. 1-1, at 1. Plaintiff's claims relate to an injury sustained while riding on an escalator[1] when her foot forcefully spun around after it became caught causing her to lose her balance and fall backwards. *Compl.*, ECF No. 1-1, at 3. Plaintiff claims the incident occurred at JCPenney's retail store on the equipment owned and controlled by Schindler Elevator Corporation. *Id.* at 3. Under "Damages" in the complaint, Plaintiff notes the following:

---

[1] Plaintiff uses the word "elevator" in the Complaint, but the Court believes escalator is more accurate based on responsive pleadings and circumstances.

> 25. Plaintiff sustained physical and emotional injuries . . . including but not limited to suffering catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face, requiring cervical spine surgery to repair damaged vertebrae.
> 26. Plaintiff has endured and can be expected to endure physical and emotional pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, annoyance and inconvenience and other damages as a direct and proximate result of the Defendants' negligence which caused the incident due to breaching its duty of care to keep a safe and secure environment for guests of its restaurant due to having wet and slick floors in its entryway.
> 27. Plaintiff had to undergo medical treatment as a result of the subject incident, and medical expenses were incurred relative to same, and she is likely to require medical treatment in the future for injuries suffered as a direct and proximate result of thereof.

*Id.* at 8.

On July 25, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1332. ECF No. 1. Plaintiff now Motions to Remand arguing the amount in controversy is not met.[2] *Pl.'s Mot. to Remand*, ECF No. 4.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal here is predicated on 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [c]itizens of different States."

The Fourth Circuit has not yet to adopt a rule relating to the burden of proof of a removing party. *Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5,

---

[2] There is no dispute that the parties are diverse.

1999). This Court has consistently applied the following standard.

To avoid remand, the party seeking removal bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Perry v. Asplundh Tree Expert Co.*, No. 5:15-CV-07699, 2015 WL 6479745, at *2 (S.D.W. Va. Oct. 27, 2015). When in doubt, remand is appropriate due to federalism concerns. *Mulcahey,* 29 F.3d at 151. When the amount in controversy is not specified in a complaint, the defendant is tasked with "demonstrate[ing] that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W. Va. 1996).

### III.     ANALYSIS

Plaintiff claims that the lack of evidence in the record prevents Defendants from asserting that the amount in controversy exceeds $75,000, and accordingly, that the case is not ripe for removal. *Pl.'s Mem. of L. in Supp. of Mot. to Remand*, ECF No. 5, at 3; *Pl.'s Reply to Defs.' Resp. in Opp. To Pl.'s Mot. to Remand*, ECF No. 11, at 5. Further, Plaintiff claims Defendants' "entire argument merely revolves around bare allegations and speculative damages while ignoring a record void of any details related to an amount in controversy." *Pl.'s Reply to Defs.' Resp. in Opp. to Pl.'s Mot. to Remand* 5.

As both parties note, in determining whether jurisdictional amount is met when there is no *ad damnum* clause, the court looks to multiple factors including type and extent of a plaintiff's injuries, expenses incurred to date, amounts awarded in similar circumstances, possible damages recoverable, and settlement demands. *Id.* at 5–6; *Defs.' Resp. in Opp. To Pl.'s Mot. to Remand* 3–4; *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 962 (citing *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D. W. Va. 2001). The court need not leave its common sense behind during its analysis.

*Mullins v. Harry's Mobile Homes, Inc.,* 861 F.Supp. 22, 24 (S.D. W. Va. 1994). The only record for Defendants to rely on is the complaint at this point.

Plaintiff alleges "catastrophic, severe, and permanent injuries to her neck, left foot, left shoulder, buttock, and back, as well as lacerations from her left hand, chest, and face, requiring cervical spine surgery to repair damaged vertebrae." *Compl.*, ECF No. 1-1, at 8. Further, Plaintiff requests damages for emotional pain and suffering due to "[d]efendants' negligence which caused the incident due to . . . its restaurant . . . having wet and slick floors in its entryway." *Id.* Considering this case involves an injury at a retail store, this appears to be boilerplate language used to assert a broad scope of potentially recoverable damages. Indeed, Plaintiff cast a wide net on damages "including but not limited to[:]"

> Reasonable and necessary medical expenses; future medical care; economic costs directly and proximately caused by the subject foreign object on the elevator; past, present and future physical and emotional pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, annoyance and inconvenience; as well as other special and general damages resulting from the Defendants' negligence, as well as pre- and post-judgment interest, attorney's fees and costs for bringing forth this action, and for any and all further relief that this Honorable Court may deem just and proper.

*Id.* at 5–6.

The Court finds comparisons persuasive. *See Patton v. Wal-Mart Stores, Inc.*, No. Civ. A. 5:05-655, 2005 WL 2352298, at *1–3 (S.D. W. Va Sept. 26, 2005) (finding amount satisfied when plaintiff asserted damages of a then-current amount of $5,000 in medical bills plus a highly likely arthroscopic surgery in the future, medical expenses, loss of enjoyment of life, and loss of earning capacity, and a refusal to stipulate); *Evans v. CDX Services, LLC*, 528 F.Supp.2d 599, 606 (S.D. W. Va. 2007) (defendant met burden proving amount in controversy was satisfied by a preponderance of evidence based on plaintiff claiming "serious bodily injury, tremendous pain and

suffering, loss of earning capacity, and loss of ability to enjoy life" in addition to pain and suffering and future damages); *Stodsdill v. Spears*, Civ. A. No. 2:19-cv-00440, 2019 WL 4230665, at *3 (S.D. W. Va. 2019) (defendant met burden proving amount in controversy was exceeded when plaintiff claimed severe and permanent bodily injuries, continued suffering, medical expenses, mental and physical pain and suffering, aggravation and inconvenience, lost wages, benefits, and earnings, reduced productive capacity, and impairment in ability to enjoy family and life).

Plaintiff attempts to distinguish the present case from *Patton* arguing the jurisdictional amount is not met because there, the defense provided evidence that *Patton* would need to have an arthroscopic surgery in the future and that *Patton* refused to stipulate to a limited recovery below the jurisdictional threshold. *Pl.'s Mem. of L. in Supp. of Mot. to Remand* 6. In response, Defendants reference the complaint which requests medical expenses and alleges "catastrophic" injuries "requiring cervical spine surgery to repair." *Compl.*, ECF No. 1-1, at 5. Additionally, Defendants requested that Plaintiff stipulate to damages below the jurisdictional threshold, to which Plaintiff responded, "[t]his should not be interpreted as a refusal to stipulate to damages but purely an inability to stipulate." *Email from Wesley H. White to Elise McQuain and Beth Ferrara* (July 20, 2025), ECF No. 9-2, at 2. Refusal to stipulate to a maximum verdict of less than $75,000 has been considered in court's analyses of the amount in controversy but is not dispositive. *Patton*, 2005 WL 2352298, at *2. As the court in *Stogsdill* noted, a plaintiff asserting that the amount is unknown does not diminish the Court's attention to the damages requested in a complaint. 2019 WL 4230665, at *3. Damages, in this case, that were broad and included costs for surgery due to a "catastrophic" injury, loss of enjoyment, and past present and future economic costs related to the alleged incident.

Plaintiff argues "Defendant's argument would allow anyone who injured their back to be

removed to federal court under an absurd 'common sense' theory." *Pl.'s Reply to Defs.' Resp. in Opp. To Pl.'s Mot. to Remand* 7. The particularized circumstances and specific allegations of this case, including not only a back injury but also a prospective cervical spine surgery, result in the outcome that follows. Additionally, the Court agrees that an alternative outcome risks "plaintiff[s] . . . avoid[ing] removal simply by declining . . . to place a specific dollar value upon their claim." *Defs.' Resp. in Opp. To Pl.'s Mot. to Remand* 3 (citing *Mullins*, 861 F.Supp. at 23).

The Court finds that Defendants have met the burden of demonstrating that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. ECF No. 4.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   September 25, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE